## Real Estate Investment Company's Assigned Estate.

*Contract—Compromise agreement—Damages—Rescission of compromise
agreement.*

Where a claim presented before one auditor for breach of an agree-
ment to pay an existing debt in houses, fails, not because the claim is
disallowed, but because there is no proof of the amount of loss, the
plaintiff is precluded before another auditor distributing a different
fund, from presenting and proving his claim on a quantum meruit for
the work he did.

Argued March 28, 1907.   Appeal, No. 125, Jan. T., 1907,
by William J. Murphy, from order of C. P. No. 1, Phila. Co.,
Dec. T., 1900, No. 140, sustaining exceptions to auditor's re-
port in Assigned Estate of the Real Estate Investment Com-
pany.   Before MITCHELL, C. J., FELL, MESTREZAT, POTTER and
STEWART, JJ.   Affirmed.

Exceptions to report of George W. Reed, Esq., auditor.
See 215 Pa. 50.

The court below filed the following opinion:

The exceptions to the award to Mr. Murphy are sustained.
He presented his claim under the compromise agreement be-
fore the former auditor and it was allowed.   We held that the
auditor was in error in his measure of damage as Mr. Murphy
had not proved the value of the houses he was to get under
that agreement, and referred the matter back to the auditor to
let him prove the amount of his loss, to wit: the value of the
houses.   He declined to offer any evidence of that value,
probably because there was no value to the houses above the

incumbrance.    The auditor then declined to award him any-thing and the Supreme Court sustained that finding.    It must be borne in mind that it was never decided that he had no claim on the compromise agreement, but on the contrary the reverse was decided.    He failed to get an award because he did not prove the amount of his loss.    A new fund having arisen, and a new auditor appointed, Mr. Murphy seeks to re-scind or declare ineffective the compromise agreement and claim on what he calls a "quantum meruit" for the work he did.    This we think he cannot do.    He has had his day in court and he cannot now change his claim as he seeks to do. When the new fund was raised he might perhaps still have presented evidence of the value of the houses if such a thing was possible, but that was the limit of his right.

*Errors assigned* were in sustaining exceptions to auditor's re-port in allowing claim of William J. Murphy.    William J. Murphy appealed.

*Ormond Rambo*, for appellant.

*Lincoln L. Eyre*, with him *Thomas Ridgway, R. M. Town-send, Richard S. Hunter* and *George Harrison Fisher* for appellees.

PER CURIAM, May 20, 1907:
The judgment is affirmed on the opinion of the court below.